UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NATALE COSENSA, <br>        Plaintiff <br><br> v. <br><br> CITY OF WORCESTER, Massachusetts, <br> KERRY HAZELHURST, JOHN <br> DOHERTY, T.J. COAKLEY, MARK <br> RICHARDSON, ALLAN BURNES, <br> DANIEL BENEDICT, BRIAN <br> DONOHUE, ROBERT TURGEON, and <br> AS-YET UNKNOWN WORCESTER <br> POLICE OFFICERS, <br>        Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 18-CV-10936-TSH |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO LIMIT NUMBER OF INTERROGATORIES PROPOUNDED BY PLAINTIFF

Now come the Defendants, City of Worcester, Kerry Hazelhurst, John Doherty, T.J. Coakley, Mark Richardson, Allan Burnes, Daniel Benedict, Brian Donohue and Robert Turgeon (Defendants), and hereby move this Court for the entry of a protective order seeking to limit the number of interrogatories propounded by Plaintiff. In support of the motion, Plaintiff has propounded a total of 120 interrogatories (fifteen interrogatories per Defendant) upon the Defendants in excess of the limits set forth by D. Mass. Local Rule (L.R.) 26.1(C). Thus, Defendants request this Court enter an order seeking Plaintiff's compliance with L.R. 26.1(C) in relation to the interrogatories propounded to the Defendants.

Plaintiff brought this instant action against the City and various police officers of the Worcester Police Department alleging constitutional violations arising from a purported erroneous conviction in 2002 on assault and battery with a dangerous weapon and armed burglary charges following a jury trial. (Plaintiff's Amended Complaint, Doc. 4.) As part of written discovery,

Plaintiff served fifteen interrogatories upon each individual Defendant. (Plaintiff's Interrogatories, attached hereto as Exhibit 1.)  As there are eight individual Defendants, the total number of interrogatories propounded by Plaintiff upon the Defendants is 120.  Following receipt of these interrogatories, counsel for Defendants sought to confer with Plaintiff's counsel regarding the number of interrogatories served upon Defendants.  Specifically, it is Defendants' position that total number of interrogatories served by Plaintiff were in excess of the limits of L.R. 26.1(C). Counsel for the parties conferred by email on May 29 and 30, 2019 and June 24, 2019, and by telephone conference on August 22, 2019.  During the consult, Defendants offered a compromise in which they offered to answer interrogatories beyond the limits of L.R. 26.1(C), but requested Plaintiff to reduce the number of interrogatories.  Plaintiff's position is, regardless of the limits of L.R. 26.1(C), Rule 33 of the Federal Rules of Civil Procedure entitle him to serve up to twenty-five interrogatories per Defendant.  Thus, no compromise could be reached.

A court may employ its discretion and restrict access to information in discovery, pursuant to a showing of good cause.  Fed. R. Civ. P. 26(c)(1);[1] Poliquin v. Garden Way, Inc., 989 F.2d 527, 534-5 (1st Cir. 1993).  Moreover, "[a] district court has discretion to adopt local rules [that] have 'the force of law[,]'" Hollingsworth v. Perry, 558 U.S. 183, 191 (2010); and such rules necessarily "are an important vehicle by which courts operate[.]" Schiffman v. United States, 811 F.3d 519, 525 (1st Cir. 2016).  The First Circuit has stated "that district courts enjoy broad latitude in adopting and  administering such local rules" and that district courts

---

[1] Fed. R. Civ. P. 26(c)(1) provides:
**(c) Protective Orders**
   **(1)** *In General.*  A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ….

appropriately may "demand adherence to specific mandates contained" therein. <u>NEPSK, Inc. v. Town of Houlton</u>, 283 F.3d 1, 6 (1st Cir. 2002) (internal quotation marks omitted). To that end, in the District of Massachusetts, L.R. 1.2 (a) provides that the Local Rules "shall apply to all proceedings in the United States District Court for the District of Massachusetts …."

Local Rule 26.1(C) states, "Unless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to 10 depositions, 25 interrogatories, 25 request for admissions, and 2 separate sets of requests for production." A plain reading of L.R. 26.1(C) establishes that, without leave of Court, the Plaintiff is entitled to serve twenty-five interrogatories **in total** upon the Defendants. Here, the Defendants meet the definition of a "group of parties with a common interest" as they are all Worcester police officers, represented by the same counsel and sued by the Plaintiff for alleged claims that arise out the same set of facts and occurrences. Accordingly, L.R. 26.1(C) does not permit the Plaintiff to proceed with his present course of serving 120 interrogatories upon Defendants.

To further compound this deviation from the limits of L.R. 26.1(C), Plaintiff failed to raise the possibility of this issue prior to or at the Scheduling Conference in this matter. L.R. 16.1(b)(2) directs counsel to confer on several topics, including the creation of a "proposed pretrial schedule for the case that includes a plan for discovery…." The scheduling notice in this matter explicitly directs that "[c]ounsel representing parties in relatively complex matters who expect to require relief from the limitations on discovery events set forth in Local Rule 26.2(c)[2] should be prepared to address that issue at the scheduling conference." Here, failing to address this issue with the Court at the scheduling conference, or to seek leave to propound

---

[2] It appears the notice intended to refer to L.R. 26.1(C) relative to the limits of discovery events, not L.R. 26.2(c).

interrogatories in excess, requires the Plaintiff to comply with L.R. 26.1(C) and the scheduling notice.  It is anticipated the Plaintiff will cite St. Paul Fire & Marine Ins. Co. v. Birsch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D. Mass. 2003), in support of his position that he is entitled to serve interrogatories beyond the limits of L.R. 26.1(C).  However, Plaintiff's reliance on St. Paul is misplaced as the notice of scheduling conference in this case specifically states that "the court expects compliance with the terms of" the Local Rules.  (Exh. 2.)  Accordingly, the Defendants seek a protective order to enforce Plaintiff's compliance with the limits of L.R. 26.1(C) for interrogatories.

WHEREFORE, Defendants hereby move for the entry of a protective order to limit the number of interrogatories propounded by Plaintiff in accordance with L.R. 26.1(C).

CITY OF WORCESTER, KERRY HAZELHURST, JOHN DOHERTY, T.J. COAKLEY, MARK RICHARDSON, ALLAN BURNES, DANIEL BENEDICT BRIAN DONOHUE and ROBERT TURGEON

By their attorneys,
David M. Moore
City Solicitor

*/s/ Kevin M. Gould*
Kevin M. Gould (BBO # 661545)
Wendy L. Quinn (BBO # 653954)
Assistant City Solicitors
City Hall, Room 301
455 Main Street
Worcester, MA  01608
(508) 799-1161
gouldk@worcesterma.gov

CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 7.1 and 37.1

     I, the undersigned, hereby certify that by email on May 29 & 30, 2019 and June 24, 2019, and by telephone conference on August 22, 2019, counsel for the Defendants communicated, via email, with Plaintiff's counsel, Tara Thompson, Esq., in a good faith attempt to resolve or narrow the issues presented by this Motion. However, no resolution was reached even though Defendants offered to work with Plaintiff's counsel to answer interrogatories above the limits of L.R. 26.1(C).

                                         */s/ Kevin M. Gould*
                                         Kevin M. Gould
                                         Assistant City Solicitor


CERTIFICATE OF SERVICE

     I, Kevin M. Gould, hereby certify that, on this 18th day of September, 2019, the within Defendants' Motion for a Protective Order to Limit Number of Interrogatories Propounded by Plaintiff was served upon all counsel of record through this Court's electronic filing system as identified on the Notice of Electronic Filing.

                                           */s/ Kevin M. Gould*
                                         Kevin M. Gould
                                         Assistant City Solicitor