UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALE COSENZA,                             )<br>        Plaintiff                          )<br>                                                      )<br>v.                                                        )<br>                                                      )<br>KERRY HAZELHURST and        )<br>JOHN DOHERTY,                          )<br>        Defendants                     ) | C.A. No. 18-CV-10936-TSH |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE
EVIDENCE AND TESTIMONY REGARDING MONELL-TYPE EVIDENCE AND ANY
OTHER COMPLAINTS AND LAWSUITS AGAINST DEFENDANTS**

Defendants, Kerry Hazelhurst and John Doherty, hereby move this Court for a specific order to preclude all evidence, whether testimonial or documentary, pertaining to any Monell-related evidence and alleged failure to discipline, supervise, train or implement policies, and any civilian complaints, internal affairs investigations and/or lawsuits filed against Defendants, or any other Worcester police officer. The Court has granted summary judgment in Defendants' favor with regard to the City of Worcester and the Monell claim, so those issues will not be before the jury and should not be discussed.

Plaintiff's Second Amended Complaint named the City of Worcester as a Defendant and the Court construed that a Monell claim was generally asserted against the City pursuant to 42 U.S.C. § 1983 for an alleged failure to train on identification procedures. (Doc. 141 at 17.) However, in the decision on the Defendants' Motion for Summary Judgment, the Court granted Defendants' Motion as to the City and the failure to train claim. (Id. at 19.) Thus, any civilian complaints, internal affairs/bureau of professional standards investigations and/or lawsuits, policies, practices, or lack thereof, related to the City of Worcester, or the involved police

officers, would not be relevant and would be highly prejudicial to the Defendants, and, therefore, should be precluded from trial in this matter.

Defendants further state that such evidence, civilian complaints, internal affairs/bureau of professional standards investigations and/or lawsuits, cannot be used to attempt to establish prior bad acts of the Defendant police officers during trial. In particular, Plaintiff's counsel questioned Detective Doherty during his deposition about the lawsuit filed against him by Plaintiff Nga Truong, which was settled with no admission of liability or wrongdoing on the part of the defendants in that case. Thus, Plaintiff and Plaintiff's counsel should be specifically instructed that evidence of that matter cannot be introduced as evidence in this bifurcated trial to cast aspersions on Detective Doherty.

Pursuant to Fed. R. Evid. 404(b), "[e]vidence of other crimes, wrongs or acts is not admissible to prove character of a person in order to show action in conformity therewith." The First Circuit analyzes issues raised under Rule 404(b) by asking whether the evidence is offered for a legitimate purpose, and if so, whether considerations of substantial prejudice require it to be excluded under Fed. R. Evid. 403. United States v. Fields, 871 F.2d 188, 196 (1st Cir. 1989). Internal affairs records may not be used to impeach an individual officer as prior bad act evidence. See Fed. R. Evid. 404, 608; DiRico v. Quincy, 404 F.3d 464, 467-8 (1st Cir. 2005); Ruffin v. City of Boston, No. 03-2102, 2005 WL2116371, at *5 (D. Mass. Sept. 2, 2005); Tigges v. Catalado, 611 F.2d 936 (1st Cir. 1979) (Plaintiff not entitled to show by extrinsic evidence that police officer was disciplined; "evidence of other, unrelated episodes [of discipline] was material only in the impermissible sense of showing a bad character from which to infer a propensity to commit the alleged wrong.") This is in part because the fact that someone lodges a complaint does not mean the complaint itself has any merit, and it cannot be used as evidence of

misconduct.  See Kinan v. City of Brockton, 876 F.2d 1029 (1st Cir. 1989).  Thus, Plaintiff should be prohibited from allowing evidence of complaints or lawsuits against the Defendants, or any other Worcester police officer, since its prejudicial impact substantially outweighs any probative value.  It is within this Court's discretion to so determine.  Bordanaro v. McLeod, 871 F.2d 1151, 1166 (1st Cir. 1989)(citations omitted).

WHEREFORE, the Defendants moves this Court to preclude all evidence, whether testimonial or documentary, as to any Monell-type evidence regarding an alleged failure to train, discipline or supervise on the part of the City of Worcester, and civilian complaints, internal affairs investigations and/or lawsuits involving Worcester police officers.

KERRY HAZELHURST and
JOHN DOHERTY

By their attorneys,
Michael E. Traynor
City Solicitor

/s/ Wendy L. Quinn
Wendy L. Quinn, Esq. (BBO#653954)
Courtney E. Mayo, Esq. (BBO#657790)
Special Assistant City Solicitors
Hassett & Donnelly, P.C.
446 Main Street, 12th Floor
Worcester, MA 01608
(508) 791-6287
wquinn@hassettdonnelly.com
cmayo@hassettdonnelly.com

**CERTIFICATE OF SERVICE**

I, Wendy L. Quinn, hereby certify that this document filed through the ECF system on September 12, 2022, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Wendy L. Quinn
Wendy L. Quinn, Esq.