## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

NATALE COSENZA,                      )
                                     )
         Plaintiff,                  )
                                     )
v.                                   )          Case No. 4:18 CV 10936 TSH
                                     )
CITY OF WORCESTER, et al.,           )
                                     )          The Hon. Timothy S. Hillman
                                     )
         Defendants.                 )
                                     )          **JURY TRIAL DEMANDED**
                                     )
                                     )

### PLAINTIFF'S MOTION *IN LIMINE* NO. 23 TO EXCLUDE
### IRRELEVANT PORTIONS OF MELISSA HORGAN'S 911 CALL

Plaintiff Natale Cosenza, through his attorneys, Loevy & Loevy, respectfully

moves *in limine* for an order excluding from trial under Rule 403 irrelevant and

highly prejudicial portions of the audio recording of Melissa Horgan's 911 call. In

support of his request, Plaintiff states as follows:

The discovery in this case includes an 8-minute and thirty-one-second audio

recording of a terrified and desperate Melissa Horgan talking to a 911 dispatcher

following her attack. *See* Ex. A (audio recording); Ex. B (transcript of audio

recording). During this call, Ms. Horgan describes her attack and provides a very

limited description of her attacker (white male in his underwear with a scarf around

his head). This information is relevant to Plaintiff's claim that Defendant

Hazelhurst violated Plaintiff's rights by concealing information regarding Ms.

Horgan's later identification of Plaintiff and to Plaintiff's showing that he is

innocent of the attack. The portions of the call that contain this relevant material

are at the following minute and second designations: 0:0-2:48, 4:34-4:56, and 5:29-49. Ex. A; *see also* Ex. B (transcript of 911 call) at 2:1-5:22, 9:3-9:15, 10:14-11:2.

The remainder of the recording contains Ms. Horgan's tearful expressions of terror as she imagines that her attacker may still be at large in her apartment, the dispatcher's efforts to calm her down and reassure her, and communications regarding the manner in which responding officers would enter the apartment, as well as the status of responding officers at given points. These exchanges have no relevance to the issues in this case and pose an almost guaranteed and significant risk of unfair prejudice to Plaintiff.  These marginally relevant and unduly prejudicial portions of the 911 tape should be excluded under Rule 403. *See U.S. v. Johnson*, No. CRIM.A. 04-17, 2006 WL 1005014, at *2 (E.D. La. Apr. 12, 2006) (admitting a portion of a 911 call that is relevant to elements of the case that must be proved, but excluding portions of the same call where the caller "continues to be audibly terrified but says nothing that adds support to any element of the government's case").

Ms. Horgan's fear and the response of the dispatcher are totally irrelevant to whether Defendants caused Plaintiff to be wrongfully convicted for the attack on Ms. Horgan. Moreover, playing the entire eight-and-a-half-minute phone call will undoubtedly incite the emotions of the jury; invite the jurors to share the anxiety, stress, and terror that Ms. Horgan expresses as she waits locked in her room for the arrival of law enforcement; and inspire the jury to decide this case on an improper basis: an emotional response to the suffering of Ms. Horgan. To minimize the chance

2

that a jury will improperly decide this case against Plaintiff based solely on an emotional response to Ms. Horgan's pain and appreciation for the efforts of the dispatcher to comfort her, the Court should exclude the following portions of the audio recording of the 911 call: 2:49-4:33, 4:57-5:28, 5:50-8:31; *see also* Ex. B at 5:23-9:2, 9:16-10:13, 11:3-14:14.

WHEREFORE, Plaintiff respectfully moves this Court for an order excluding the following irrelevant portions of the audio recording of Ms. Horgan's call to 911 on August 14, 2000: 2:49-4:33, 4:57-5:28, 5:50-8:31.

Respectfully submitted,

**NATALE COSENZA**

By: /s/ Megan Pierce

Jon Loevy (#6218254)
Locke Bowman (#6184129)
Megan Pierce (#6336559)
Kelly Jo Popkin (#5698220)
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, Illinois 60607
megan@loevy.com
(312) 243-5900

## <u>CERTIFICATE OF SERVICE</u>

I, Megan Pierce, an attorney, hereby certify that on September 12, 2022, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

<u>/s/ Megan Pierce</u>

One of Plaintiff's Attorneys