IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALE COSENZA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:18-CV-10936 TSH |
| CITY OF WORCESTER, et al., | ) |
| | ) Hon. Timothy S. Hillman |
| Defendants. | ) |
| | ) **JURY TRIAL DEMANDED** |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM STATING THAT HE IS INNOCENT

Defendants have moved in limine for an order that would preclude Plaintiff from stating that he is "innocent" and from characterizing his arrest, conviction and incarnation as "wrongful." ECF No. 189. The motion should be denied in part.

In the trial of this case Plaintiff may not be precluded from proclaiming that he is innocent. Plaintiff has personal knowledge that that is a truthful statement. Because Plaintiff knows that he is innocent, he also knows that his arrest, his conviction and his incarceration were wrong and false. Plaintiff must not be denied the opportunity to inform the jury of these facts.

Innocence is at the heart of this case. At the very least, Plaintiff's innocence bears on the measure of his damages. *See Limone v. United States*, 497 F. Supp. 2d 143, 227 (D. Mass. 2007), *aff'd on other grounds*, 579 F.3d 79 (1st Cir. 2009) (describing the "horror" suffered by an innocent, incarcerated person); *see also Par. v. City of Elkhart, Ind.,* 702 F.3d 997, 1001 (7th Cir. 2012) (holding that evidence of

innocence aids the jury in "determining the appropriate damages award"); *see also Waters v. Town of Ayer,* No. CV 04-10521-GAO, 2009 WL 10728967, at *3 (D. Mass. Apr. 6, 2009) (opining that fingerprint evidence showing and expert testimony about plaintiff's innocence was directly relevant to the jury's determination of compensatory damages); *see also Sanford v. Russell,* 531 F. Supp. 3d 1221, 1224 (E.D. Mich. 2021) (holding that evidence is relevant to liability *and damages*, particularly when defendants are unwilling to concede that plaintiff is factually innocent) (citing *Ayers v. City of Cleveland*, 773 F.3d 161, 169 (6th Cir. 2014)); *Ott v. City of Milwaukee*, No. 09-C-870, 2015 WL 1219587, at *9 (E.D. Wis. Mar. 17, 2015) (DNA evidence showing that someone other than plaintiff was connected to the murder is admissible on the issue of damages); *Patterson v. Burge*, No. 03 C 4433, 2007 WL 1498974, at *2 (N.D. Ill. May 17, 2007) (noting that evidence of plaintiff's innocence may affect the damages he can recover).

Thus, since Plaintiff's innocence is undeniably relevant and since Plaintiff has personal knowledge of that fact, he must be permitted to so testify.

Defendants point out that there has never been a determination by the Superior Court that Plaintiff's prosecution was unjustified or that Plaintiff is innocent of the attack on Melissa Horgan. What did happen, as Defendants acknowledge, is that the Superior Court awarded Plaintiff a new trial because he had not had an adequate opportunity to contest the circumstances of Ms. Horgan's identification. *See Commonwealth v. Cosenza,* No. 0085CR00430 (Sup. Ct. Mass. May 13, 2016), PX 93 (attached here as Ex. A). Thereafter, the Superior Court

conducted a hearing on Plaintiff's renewed motion to suppress. On August 28, 2017, the Superior Court entered an order suppressing Ms. Horgan's identification and specifically finding that her identification was "unnecessarily suggestive." *Commonwealth v. Cosenza,* No. 0085CR00430 (Sup. Ct. Mass. August 28, 2017), PX 84 (attached here as Ex. B). Deprived of their only evidence against Plaintiff, the Commonwealth thereupon moved to *nolle prose* the charges.

Plaintiff agrees that it would be improper for him or his counsel to suggest before the jury that the Superior Court has "found him innocent," that his conviction and incarceration has been "determined to be wrongful," or that he has been officially "exonerated." There has not been such a determination or finding. To the extent Defendants' motion merely seeks a bar on such statements, Plaintiff does not oppose it.

## CONCLUSION

For the foregoing reasons, this court should enter an order denying Defendants' motion regarding statements as to Plaintiff's innocence to the extent that motion seeks to bar Plaintiff from testifying that he is "innocent" and that his conviction and his incarceration were wrong and false.

Respectfully submitted,

**NATALE COSENZA**

By: /s/ Locke E. Bowman

Jon Loevy (#6218254)
Locke Bowman (#6184129)

3

Megan Pierce (#6336559)
Kelly Jo Popkin (#5698220)
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, Illinois 60607
megan@loevy.com
(312) 243-5900

## CERTIFICATE OF SERVICE

    I, Locke E. Bowman, an attorney, hereby certify that on September 19, 2022, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

                                                    /s/   Locke E. Bowman