UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALE COSENZA,      )<br>       Plaintiff     )<br>                                          )<br>v.                                      )<br>                                          )<br>KERRY HAZELHURST and )<br>JOHN DOHERTY,         )<br>       Defendants   ) | C.A. No. 18-CV-10936-TSH |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT

Defendants, Kerry Hazelhurst and John Doherty, hereby oppose Plaintiff's Motion for Entry of Judgment, Doc. 248, as it is not necessary for judgment to enter in order for the Court to rule on the pending motions for judgment as a matter of law, as well as Defendants' planned Renewed Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial, pursuant to Fed. R. Civ. P. 50(b) and 59.

Plaintiff's Motion was filed only after Defendants requested Plaintiff's assent for their motion for leave to file a memorandum in excess of the twenty-page limit, Doc. 249, in an effort to preempt Defendants' filing of their post-trial motion. Defendants' counsel had emailed Plaintiff's counsel around noontime on October 11, 2022, to seek their assent for the motion, indicating the memorandum was to be in support of Defendants' Renewed Motion for Judgment as a Matter of Law After Trial and Alternative Motion for a New Trial. Rather than responding to Defendants' request, Plaintiff instead filed a Motion for Entry of Judgment approximately four hours later, without any consultation with Defendants, as required by Local Rule 7.1.

Defendants plan to file their motion pursuant to Fed. R. Civ. P. 50(b), to grant judgment as a matter of law on their behalf following the jury verdict, on the grounds the case should not have

proceeded to trial pursuant to the applicable law. In addition, at trial, there was no legally sufficient evidentiary basis for a reasonable jury to have found for the Plaintiff. The evidence proffered at trial was overwhelmingly inconsistent with the verdict against Detective Hazelhurst on the limited suppression and fabrication claims and conspiracy against both Defendants that no reasonable jury could have returned it, and the verdict should be set aside. In the alternative, Defendants will move this Court, pursuant to Fed. R. Civ. P. 59, to set aside the verdict and grant a new trial, as the verdict was against the clear weight of the evidence.

Plaintiff is incorrect that post-trial motion cannot be filed until judgment is entered. Rules 50(b) and 59 provide that motions can be filed once the jury verdict is returned. Defendants filed a motion for judgment as a matter of law pre-trial, Doc. 182; after the close of Plaintiff's evidence, Doc. 242; and at the close of all of the evidence, Doc. 244; pursuant to Fed. R. Civ. P. 50(a), which were reserved by the Court and will be renewed by Defendants' motion pursuant to Rules 50(b) and 59. If the Court does not rule on the motions at trial, the case is considered to be sent to the jury, "<u>subject to</u> the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b) (emphasis added). The movant may then renew the motion for judgment as a matter of law no later than twenty-eight days after entry of judgment, or after the jury was discharged. <u>Id.</u> Considering the jury was discharged on September 30, 2022, Defendants have until October 28, 2022, to file their motion, although they anticipate doing so as soon as the Court grants leave to file the memorandum in excess of the page limit. Then, in ruling on the renewed motion, the court may do any of the following:

    (1) allow judgment on the verdict, if the jury returned a verdict;
    (2) order a new trial; or
    (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b). Thus, the very language of the rule provides that the Court may first evaluate the renewed motion for judgment as a matter of law <u>before</u> judgment is entered.

WHEREFORE, Plaintiff's motion for entry of judgment should be denied.

KERRY HAZELHURST
JOHN DOHERTY

By their attorneys,
Michael E. Traynor,
City Solicitor

*/s/ Wendy L. Quinn*
Wendy L. Quinn, Esq. (BBO#653954)
Courtney E. Mayo, Esq. (BBO#657790)
Special Assistant City Solicitors
Hassett & Donnelly, P.C.
446 Main Street, 12th Floor
Worcester, MA 01608
(508) 791-6287
wquinn@hassettdonnelly.com
cmayo@hassettdonnelly.com

## **CERTIFICATE OF SERVICE**

I, Wendy L. Quinn, hereby certify that this document filed through the ECF system on October 12, 2022, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Wendy L. Quinn*
Wendy L. Quinn, Esq.
