UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALE COSENZA,<br><br>                Plaintiff,<br><br>v.<br><br>CITY OF WORCESTER, Massachusetts, KERRY HAZELHURST, JOHN DOHERTY, T.J. COAKLEY, MARK RICHARDSON, ALLAN BURNES, DANIEL BENEDICT, BRIAN DONOHUE, ROBERT TRUGEON, DAVID GRADY, DARLENE ROCHEFORD, and AS-YET UNKNOWN WORCESTER POLICE OFFICERS,<br><br>                Defendants. | CIVIL ACTION<br>NO. 4:18-10936-TSH |

## ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO STAY JUDGMENT
### (Docket No. 283)

2/27/2023

**HILLMAN, S.D.J.**

      Natale Cosenza ("plaintiff") brought this § 1983 action alleging constitutional claims against various defendants stemming from his conviction and sixteen-year incarceration for armed burglary. A jury found two of those defendants liable for violations of plaintiff's civil rights and awarded compensatory and punitive damages. The defendants move to stay the judgment and waive the requirement for a supersedeas bond. (Docket No. 283). For the reasons below, their motion is ***denied***.

**Analysis**

1. *Inherent Judicial Power*

Defendants argue this Court has the inherent judicial power "if the purposes of Justice require, [to] preserve the status quo until decision by the appellate court." *Newton v. Consol. Gas Co.*, 258 U.S. 165, 177 (1922). That case is distinguishable. That plaintiff challenged a price cap on gas and the district court ruled in their favor. However, the district court also issued an order impounding the money collected in excess of the old price and set a new price cap while the appeal was pending. *Id.* at 171-72. There, in the event of an adverse appellate decision the amount of the windfall plaintiff received would have required additional proceedings. Therefore, the Supreme Court—very warily—endorsed the district court's action as a valid exercise of its judicial power to ensure the appellate court "might finally and completely dispose of the whole matter." *Id.* at 177. Here, in the event the judgment is overturned on appeal, the exact amount is known to both parties. There is nothing in this case that justifies this Court exercising the outer bounds of its inherent judicial power.

2. *Massachusetts Law*

Defendants argue this Court should consider Massachusetts law in staying the judgment pending appeal. They point to Federal Rule of Civil Procedure 62(f), which requires the application of state law when "a judgment is a lien on the judgment debtor's property." That rule is not applicable here. And contrary to the defendants, the language in Rule 62(f) does not invite federal courts to apply state law in interpreting other federal rules of civil procedure, but indicates that state law should only be applied when the federal rules specifically instruct courts to do so.

Defendants also point to Federal Rule of Civil Procedure 69(a), which provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, *but a federal statute governs to the extent it applies*." (emphasis added). They argue that because Massachusetts state law stays judgments pending appeal, Rule 69(a) imports that rule into federal proceedings in Massachusetts. That argument has been rejected in this district, and this Court finds the relevant portion of that opinion persuasive. *Ford v. Bender*, 903 F. Supp. 2d 90, 105 (D. Mass. 2012), *rev'd on other grounds*, 768 F.3d 15 (1st Cir. 2014).

### 3. Federal Rule of Civil Procedure 62(b)

Generally speaking, if a defendant wishes to stay a money judgment they must supply a supersedeas bond. Local Rule 62.2 mandates the amount of the bond "shall be in the amount of the judgment plus 10% of the amount to cover interest and any award of damages for delay plus $500 to cover costs, unless the court directs otherwise." Defendants argue their inability to pay justifies a waiver of the bond requirement.

In the First Circuit "no bond is required if: (1) the defendant's ability to pay is so plain that the posting of a bond would be a waste of money; or (2) the bond would put the defendant's other creditors in undue jeopardy." *Acevedo-García v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002). The first factor is not met because defendants' argument is they cannot pay.[1] "The bond requirement is intended to protect *the interest of the creditor's right* under judgment during the pendency of the appeal." *Id.* (emphasis added). The second factor is not met because the defendants do not identify any other creditors that this judgment threatens.

---

[1] Counsel for the defendants asserted at the hearing on this motion that the City of Worcester was prohibited by law from indemnifying the defendant police officers because their conduct was intentional. Whether that argument is legally tenable is not before the court at this time.

3

Courts in this district have also used a five-factor test developed in the Second Circuit to determine if bonds should be waived. That test considers:

> (1) the complexity of the collection process; (2) the amount of time required to obtain judgment after it is affirmed on appeal; (3) the degree of confidence that the district has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*In re Nassau County Strip Search Cases*, 783 F.3d 414, 417-18 (2d Cir. 2015). The defendants argue the fifth factor applies here because they cannot pay the judgment. While the fifth factor may be considered, every other factor goes to plaintiff. Also, the fifth factor has not been met because the defendants have not identified other creditors. Courts in this district do not provide waivers on these grounds. *Cognitive Edge Pte Ltd. v. Code Genesys, LLC*, No. 19-cv-12123-IT, 2021 WL 4477434, at *5 (D. Mass. Sept. 30, 2021).

Defendants suggest that "[i]f the Court determines that a supersedeas bond is necessary in order to impose a stay on enforcement proceedings pursuant to Fed. R. Civ. P. 62(b), then an appropriate amount, pursuant to the Court's discretion under L.R. 62.2 and Rule 7, should be an amount that reflects Plaintiff's costs on appeal." The defendant supplies no authority for why that amount—an amount the Court is unable to calculate—is appropriate under these circumstances and the Court rejects it.

### 4. Federal Rule of Civil Procedure 62(c)

Defendants argue that a money judgment can be stayed under Rule 62(c) using the traditional standard for issuing injunctions. The First Circuit has noted this position is "at least arguable" so long as "[a]dequate protection for plaintiffs/appellees would be a factor in evaluating the propriety of any such request." *Acevedo-García*, 296 F.3d at 17 n. 4. No district

4

court has applied this dicta. This Court need not decide if such an order is permissible. The likelihood of success on the merits is low, especially given the high bar for overturning jury verdicts. The potential for irreparable harm to the movant is large given the size of the judgment. The potential for irreparable harm to the non-movant is also large insofar as *Acevedo- García* specifically noted that "adequate protection for plaintiffs/appellees" must be considered, and defendants concede they cannot pay the judgment. While the defendants' counsel emphasizes the harm to public finances, they have also represented that the City of Worcester will not indemnify the individual defendants—which means the harm to public finances is the same whether or not judgment is entered. In contrast, there is a public interest in enforcing judgments against violations of constitutional rights. Because the factors favor the plaintiff, a stay is not warranted. Defendants also argue that they could find no case on point where a public employee is held liable for a multi-million-dollar judgment. Such cases, while rare, are not unheard of. *Drumgold v. Callahan*, 806 F. Supp. 2d 405, 427 (D. Mass. 2011), *vacated*, 707 F.3d 28 (1st Cir. 2013) (collecting cases).

## Conclusion

For the reasons above, the defendants' motion is ***denied***.


**SO ORDERED**

>                  */s/ Timothy S. Hillman*
>                  **TIMOTHY S. HILLMAN**
>                  **SENIOR DISTRICT JUDGE**