UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NATALE COSENZA, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 18-CV-10936-TSH |
| | ) | |
| KERRY HAZELHURST and | ) | |
| JOHN DOHERTY, | ) | |
| Defendants | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A WRIT OF GARNISHMENT

Defendants, Kerry Hazelhurst and John Doherty, hereby oppose Plaintiff's Motion for a Writ of Garnishment, (Doc. 316), as public employees' wages are not subject to garnishment even in the absence of an express constitutional or statutory provision exempting them where such garnishment is violative of public policy.  Further, Plaintiff has failed to comply with the proper procedure and an order cannot prematurely issue without violating Defendants' due process rights.

Plaintiff's counsel has not responded to multiple requests to confer with Defendants' counsel, but has instead resorted to serving, under cover letter, copies of the judgment and execution on Defendants' family members, City of Worcester offices and by leaving copies of the papers at their residences.  The service of these papers was apparently effected by process server, despite Plaintiff's Motion for Appointment of Special Process Server.  (Doc. 304.)  Defendants' counsel was then compelled to send Plaintiff and his counsel a letter demanding that they cease and desist from tortious conduct that includes, but is not limited to, harassment, abuse of process and intentional infliction of emotional distress with regard to their repeated failures to comply with proper collection procedures for the judgment in this matter.

Plaintiff magnanimously states in his motion that he "will forgo all efforts in collection in the event the defense posts a bond." (Doc. 316 at 2.)  However, Plaintiff ignores the impossibility of these police officer Defendants posting a bond for the requested $9 million judgment, essentially a guarantee of that payment should the Plaintiff prevail in the appeal, which would require assets in that amount to collateralize the bond.  Although Plaintiff references "the City" as being "unwilling to secure a bond," Plaintiff fails to recognize that the City of Worcester is not a party to this proceeding and does not have a judgment issued against it.  However, Plaintiff also does not acknowledge the efforts the City has made to bring about resolution of Plaintiff's claim against the Defendant officers by participating in mediation and settlement discussions with the Plaintiff and his counsel.

The Defendants, Worcester police officers, are public employees whose wages are not subject to garnishment.  "Generally, the compensation of public officers cannot be subjected to the demands of creditors through the process of garnishment, even in the absence of an express constitutional or statutory provision exempting them."  56 A.L.R. 601 (originally published in 1928) (listing cases).  It is well settled that at common law that salaries, fees, or other compensation due public officers or employees cannot, on the broad ground of public policy, be reached and subjected by their creditors in attachment or garnishment.  See Owen v. Terrell, 22 N.M. 373, 162 Pac. 171 (1916) (holding salary of member of state corporation commission could not be garnished based on public policy); Lewis v. Denver, 9 Colo. App. 328, 48 Pac. 317 (1897) (holding that wages of public officer could not be garnished based on public policy); City of Mobile v. Rowland, 26 Ala. 498, 501 (1855) (holding that wages of a police officer cannot be garnished on public policy grounds);  Baltimore v. Root, 8 Md. 95, 63 Am. Dec. 692 (1855) (holding that a police officer's salary in the hands of a municipality was not subject to attachment on grounds of public

policy); Chealy v. Brewer, 7 Mass. 259, 259 (1811) (the trustee process does not lie against a county officer for funds which he holds in his public capacity).

Public employees' compensation is exempt from seizure is based upon the public policy that if seizure were allowed, it would hinder the desire to engage in public service, consume municipal resources in responding to garnishment proceedings and endanger the provision of public services to the community.  See Rowland, 26 Ala. at 504 (citing President, etc., of Union Tpk. Rd. v. Jenkins, 2 Mass. 37, 39 (1806), for the proposition that a public municipal corporation cannot be garnished for a debt due, or to fall due, to one of its police officers as his salary). Municipal liability or obligation implicates the doctrine of sovereign immunity, which protects the public treasury from unanticipated money judgments. See New Hampshire Ins. Guar. Ass'n v. Markem Corp., 424 Mass. 344, 351 (1997). Sovereign immunity prohibits liability against the "Commonwealth [and] ... its instrumentalities ... 'except with [the Commonwealth's] consent, and, when that consent is granted ... only in the manner and to the extent expressed ... [by] statute.' " DeRoche v. Massachusetts Comm'n Against Discrimination, 447 Mass. 1, 12 (2006), quoting General Elec. Co. v. Commonwealth, 329 Mass. 661, 664 (1953).  "[T]he 'rules of construction governing statutory waivers of sovereign immunity are stringent.'" Id., quoting C & M Constr. Co. v. Commonwealth, 396 Mass. 390, 392 (1985).  In Massachusetts, there is no known waiver of sovereign immunity to subject a municipality to garnishment proceedings of its employees' wages; indeed, public policy weighs against garnishment.  See Farmers Bank v. Ball 2 Penn. (Del.) 374, 46 Atl. 751 (1900) (holding that salary of an associate judge could not be garnished as violative of the rules: (1) the state or its treasurer to would be subject to garnishment with no statutory authority; (2) the state would be subject to suits without its consent, or its officers to garnishment, when the debt could not be sued for by the defendant; (3) it would embarrass and delay public

3

officers in the orderly administration of public duties).  "The reason why, as a matter of public policy, a public officer's salary is not subject to seizure by garnishment process against the disbursing officer, is that the orderly administration of public affairs should not be hampered in that way. An officer's salary is dedicated by law to the special purpose of paying for the service that he must render to the public, and, until the fund leaves the public treasury, it must not be diverted to any other purpose at the instance of any individual."  Fischer v. Dubroca (1927) 163 La. 292, 111 So. 710 (1927).  A municipal corporation, pursuant to the well-settled rules of public policy, was not subject to garnishment proceedings, as public interests were paramount to the private interests of a creditor, and subjecting municipalities to the process would harass, and possibly embarrass, public officials in the performance of their duties.  Eames v. Fowler, 43 Misc. 603, 89 N.Y. Supp. 685 (1904).  Thus, here, where there is no waiver of sovereign immunity for garnishment of employee wages, and such garnishment would violate public policy and impair public services, it cannot proceed against the Defendants' wages.

Even if Defendants' wages were subject to garnishment, Plaintiff has failed to comply with the proper procedures for the collection activities.  The rule Plaintiff cites in support of that proposition, Fed. R. Civ. P. 69, provides, "The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located …."  Fed. R. Civ. P. 69(a)(1); Aetna Cas. And Sur. Co. v. Rodco Autobody, 965 F. Supp. 104, 107 (D. Mass. 1996).  Plaintiff cannot merely proceed with the instant Motion for Writ of Garnishment and have the Court order garnishment of 25% of Defendants' wages, as he requests.  Wage garnishment in advance of trustee process, prior to an opportunity to appear and be heard may be a violation of procedural due process.  See N. Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 606 (1975) (reversing writ of garnishment issued without notice

4

or opportunity to be heard by the court); Sniadach v. Fam. Fin. Corp. of Bay View, 395 U.S. 337, 340 (1969) (reversing the decision upholding a prejudgment issuance of a writ of garnishment on the motion of the creditor's attorney without an opportunity to be heard).  Plaintiff cites 15 U.S.C. § 1673(a) as the applicable statute, (Doc. 316 at 2); however, federal garnishment statutes do not create or establish garnishment proceedings, but only preempt state garnishment laws which permit a larger amount to be garnished.  See Evans v. Evans, 429 F. Supp. 580 (W.D. Okla. 1976); Donovan v. Hamilton County Municipal Court, 580 F. Supp. 554 (S.D. Ohio 1984); Koethe v. Johnson, 328 N.W.2d 293 (D. Iowa 1982).

The Court, then, must look to the state proceedings in aid of execution, G. L. c. 224, § 14, et seq.  See Aetna Cas. and Sur. Co., 965 F. Supp. at * 107 (holding that "Sections 14, 15 and 16 of chapter 224 and the applicable statutory exempts therefore apply to the supplementary process matter before this court") (citing Geehan v. Trawler Arlington, Inc., 371 Mass. 815 (1977) for the proper procedure).  It is not that Plaintiff is required to file a state court action, but the Court reviews the matter in accordance with the state statutory requirements.  In the Aetna case, the creditor proceeded pursuant to the Massachusetts supplementary process statute, G. L. c. 224, § 14, and filed an application for supplementary process in federal court for enforcement of a federal court judgment.  Magistrate Judge Bowler held an evidentiary hearing and reviewed the examination and testimony of the judgment debtors as to their nonexempt property and ability to pay the judgment, per G. L. c. 224, §§ 14 & 15, applying the federal and Massachusetts statutory restrictions and exemptions.  Id. at * 106.  Plaintiff's Motion fails to take the proper procedure for supplementary process into account in his Motion for a Writ of Garnishment, and the Court lacks the proper evidentiary basis to issue an order for garnishment at this juncture.  Indeed, issuing such

an order without a proper motion and an opportunity for Defendants to be heard, allowing them to

introduce evidence, would violate Defendants' due process rights.

WHEREFORE, Plaintiff's Motion for Writ of Garnishment should be denied.

KERRY HAZELHURST
JOHN DOHERTY

By their attorneys,

*/s/ Wendy L. Quinn*
Wendy L. Quinn, Esq. (BBO#653954)
Courtney E. Mayo, Esq. (BBO#657790)
Hassett & Donnelly, P.C.
446 Main Street, 12th Floor
Worcester, MA 01608
(508) 791-6287
wquinn@hassettdonnelly.com
cmayo@hassettdonnelly.com

## CERTIFICATE OF SERVICE

I, Wendy L. Quinn, hereby certify that this document filed through the ECF system on May 8, 2023, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Wendy L. Quinn*
Wendy L. Quinn, Esq.