UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATALE COSENZA,<br>    Plaintiff | )<br>)<br>) |
| v. | )  C.A. No. 18-CV-10936-TSH |
| | ) |
| KERRY HAZELHURST and<br>JOHN DOHERTY,<br>    Defendants | )<br>)<br>)<br>) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR APPROVAL OF TRUSTEE PROCESS

Defendants, Kerry Hazelhurst and John Doherty, hereby oppose Plaintiff's Motion for Approval of Trustee Process, (Doc. 317), on the grounds that attachment of public employees' income is in derogation of public policy and Plaintiff has failed to comply with the proper procedure for trustee process pursuant to Mass. R. Civ. P. 4.2, which is mandated by Fed. R. Civ. P. 64.

As Plaintiff sets forth many of the same statements as in his Motion for Writ of Garnishment (Doc. 316), Defendants feel they must again point out that Plaintiff's counsel has not responded to multiple requests to confer with Defendants' counsel, but has instead resorted to serving, under cover letter, copies of the judgment and execution on Defendants' family members, City of Worcester offices and by leaving copies of the papers at their residences. The service of these papers was apparently effected by process server, despite Plaintiff's Motion for Appointment of Special Process Server. (Doc. 304.) Defendants' counsel was then compelled to send Plaintiff and his counsel a letter demanding that they cease and desist from tortious conduct that includes, but is not limited to, harassment, abuse of process and intentional infliction of emotional distress

with regard to their repeated failures to comply with proper collection procedures for the judgment in this matter.

Plaintiff again states that he "will forgo all efforts in collection in the event the defense posts a bond." (Docs. 317 at 2; 316 at 2.) However, Plaintiff ignores the impossibility of these police officer Defendants posting a bond for the requested $9 million judgment, essentially a guarantee of that payment should the Plaintiff prevail in the appeal, which would require assets in that amount to collateralize the bond. Although Plaintiff references "the City" as being "unwilling to secure a bond," Plaintiff fails to recognize that the City of Worcester is not a party to this proceeding and does not have a judgment issued against it. However, Plaintiff also does not acknowledge the efforts the City has made to bring about resolution of Plaintiff's claim against the Defendant officers by participating in mediation and settlement discussions with the Plaintiff and his counsel.

The Defendants, Worcester police officers, are public employees whose wages are not subject to garnishment or attachment, as reflected in Defendants' opposition to Plaintiff's Motion for Writ of Garnishment, Doc. 322. "Generally, the compensation of public officers cannot be subjected to the demands of creditors through the process of garnishment, even in the absence of an express constitutional or statutory provision exempting them." 56 A.L.R. 601 (originally published in 1928) (listing cases). It is well settled that at common law that salaries, fees, or other compensation due public officers or employees cannot, on the broad ground of public policy, be reached and subjected by their creditors in attachment or garnishment. See Owen v. Terrell, 22 N.M. 373, 162 Pac. 171 (1916) (holding salary of member of state corporation commission could not be garnished based on public policy); Lewis v. Denver, 9 Colo. App. 328, 48 Pac. 317 (1897) (holding that wages of public officer could not be garnished based on public policy); City of

Mobile v. Rowland, 26 Ala. 498, 501 (1855) (holding that wages of a police officer cannot be garnished on public policy grounds); Baltimore v. Root, 8 Md. 95, 63 Am. Dec. 692 (1855) (holding that a police officer's salary in the hands of a municipality was not subject to attachment on grounds of public policy); Chealy v. Brewer, 7 Mass. 259, 259 (1811) (the trustee process does not lie against a county officer for funds which he holds in his public capacity).  Public employees' compensation is exempt from seizure is based upon the public policy that if seizure were allowed, it would hinder the desire to engage in public service, consume municipal resources in responding to garnishment proceedings and endanger the provision of public services to the community.  See Rowland, 26 Ala. at 504 (citing President, etc., of Union Tpk. Rd. v. Jenkins, 2 Mass. 37, 39 (1806), for the proposition that a public municipal corporation cannot be garnished for a debt due, or to fall due, to one of its police officers as his salary); Keyser v. Rice, 47 Md. 203, 213 (1877) (holding "from considerations of public convenience, the Courts have long since decided, that attachments would not lie against the salaries of public or municipal officers …..")  These Defendants, as police officers and public employees, should not be subjected to attachment by trustee process of their income since it would be in contravention of public policy, cause individuals to not fill necessary roles as public employees and consume public resources for the defense of the attachment process.

Even if Defendants' accounts are subject to trustee process attachment, Plaintiff must comply with the proper procedures for the collection activities.  As with garnishment, for the trustee process, the Court must look to the state rules.  Pursuant to Fed. R. Civ. P. 64, trustee process is governed by Mass. R. Civ. P. 4.2.  Core Brands, LLC v. Designer Audio Video, No. CV 16-11830-DPW, 2017 WL 4898321, at *2 (D. Mass. Apr. 28, 2017); Anderson Foreign Motors, Inc. v. New England Toyota Distrib., Inc., 475 F. Supp. 973, 977 (D. Mass. 1979), abrogated on

other grounds by Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151 (1st Cir. 2004) (stating "Rule 64 makes state law control the availability of provisional remedies to secure satisfaction of a judgment, and specifically provides that '(t)he remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies . . .'") (emphasis added).  Attachment is a drastic remedy and one not lightly given, created in derogation of common law, so that it should be strictly construed.  In re Daly & Sinnott L. Centers PLLC, 292 B.R. 796, 798 (Bankr. D. Vt. 2003).

Pursuant to Mass. R. Civ. P. 4.2(c), an action for trustee process "may be commenced only by filing the complaint with the court, together with a motion for approval of attachment on trustee process.  The motion shall be supported by affidavit or affidavits meeting the requirements set forth in Rule 4.1(h)." Mass. R. Civ. P. 4.2(c).  Therefore, Plaintiff once again fails to comply with the applicable rules and process.  The summonses to trustee that Plaintiff's counsel sent to the Clerk indicate this failure, as they reference the filing date of the complaint in the civil rights matter, not the date in which a trustee process complaint was filed.  "[T]he party holding the property must be 'charged' as trustee, meaning that there must be a final determination that he does, in fact, hold the 'goods, effects or credits' of the defendant." In re Dougherty, 509 B.R. 757, 770 (Bankr. D. Mass. 2014), aff'd sub nom. deBenedictis v. Dougherty, No. CV 14-12139-GAO, 2015 WL 4480724 (D. Mass. July 22, 2015).  Then, the trustee files an answer to the complaint pursuant to G. L. c. 246, § 10, and the court makes a determination as to the holdings of the defendant, and whether the trustee must pay anything over to the creditor.  Id. (citing Gabovitch v. Lundy, 584 F.2d 559, 561 n. 3 (1st Cir. 1978) and G. L. c. 246, §§ 39–44).  Further, Defendants must be served a copy of the complaint to provide notice of the proceedings.  Smith v. Solomon & Solomon, P.C., 887 F. Supp. 2d 334, 339–40 (D. Mass. 2012), aff'd, 714 F.3d 73 (1st Cir. 2013).

Therefore, Plaintiff must comply with the Mass. R. Civ. P. 4.2 for trustee process, pursuant to Fed. R. Civ. P. 64, which he has failed to do.

WHEREFORE, Plaintiff's Motion for Approval of Trustee Process should be denied.

KERRY HAZELHURST
JOHN DOHERTY
By their attorneys,

*/s/ Wendy L. Quinn*
Wendy L. Quinn, Esq. (BBO#653954)
Courtney E. Mayo, Esq. (BBO#657790)
Hassett & Donnelly, P.C.
446 Main Street, 12th Floor
Worcester, MA 01608
(508) 791-6287
wquinn@hassettdonnelly.com
cmayo@hassettdonnelly.com

## CERTIFICATE OF SERVICE

I, Wendy L. Quinn, hereby certify that this document filed through the ECF system on May 9, 2023, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Wendy L. Quinn*
Wendy L. Quinn, Esq.